

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:09-CR-160-A |
| | § | |
| JUAN RAMIREZ (2) | § | |

## PLEA AGREEMENT

Juan Ramirez, the defendant, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Ramirez understands that he has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Ramirez waives these rights and pleads guilty to the offense alleged in Counts One and Two of the Superseding Information, charging the making of False Statements During the Purchase of a Firearm, in violation of 18 U.S.C. §924(a)(1)(A). Ramirez understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**   The maximum penalties the Court can impose include:

    a. imprisonment for a period not more than ten (10) years (five (5) years per count);

    b. a fine not to exceed $500,000 ($250,000 per count), or twice the amount of criminally derived property involved in the transaction(s);

    c. a term of supervised release of not more than three (3) years (may be imposed on each count), which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement; and if multiple terms of supervised release are revoked, the resulting terms of imprisonment could be ordered to run consecutively to each other;

    d. a mandatory special assessment of $200 ($100 per count);

    e. forfeiture of money and property;

    f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines**: Ramirez understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Ramirez has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Ramirez will not be allowed to withdraw his plea if his sentence is higher than expected. Ramirez fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Defendant's cooperation:** Upon demand, Ramirez shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The government will advise the Court of the extent of Ramirez's cooperation.

6. **Government's agreement:** The government will not bring any additional charges against the defendant based upon the conduct set out in the factual resume. The government will dismiss, after sentencing, any remaining charges in the pending indictment/information.

7. **Violation of agreement:** Ramirez understands that if he violates any provision of this agreement or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Ramirez for all offenses of which it has knowledge. In such event, Ramirez waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Ramirez also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

8. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

9. **Forfeiture of property:** Upon conviction for any of the offenses alleged in Counts One and Two of this Superseding Information and pursuant to 18 U.S.C. §

924(d) and 28 U.S.C. § 2461(c), the defendant, **Juan Ramirez**, shall forfeit to the United States of America all firearms and ammunition involved or used in the respective offense.

10. **Representation of counsel**: Ramirez has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Ramirez has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Ramirez has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

11. **Limitation of Agreement:** This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Ramirez or any property.

12.  **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 7th day of DECEMBER, 2009.

_____
JUAN RAMIREZ
Defendant

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
JOSHUA T. BURGESS
Assistant United States Attorney
Texas State Bar No. 24001809
801 Cherry Street, Unit #4
Burnett Plaza, Suite 1700
Fort Worth, TX 76102-6897
Telephone: 817.252.5200
Facsimile: 817.978.3094

_____
MATT BELCHER
Attorney for Defendant

_____
MARK NICHOLS
Deputy Criminal Chief

Plea Agreement - Page 5

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     12-07-09
JUAN RAMIREZ                        Date


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     12-7-2009
MATT BELCHER                        Date
Attorney for Defendant