ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 11 2009

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | No. 4:09-CR-160-A |
| | § | |
| JUAN RAMIREZ (2) | § | |

## FACTUAL RESUME

**SUPERSEDING INFORMATION:**

Counts One and Two – False Statement During Purchase of Firearm, in violation of 18 U.S.C. § 924(a)(1)(A).

**PLEA:**

Counts One and Two– False Statement During Purchase of Firearm, in violation of 18 U.S.C. § 924(a)(1)(A).

**PENALTIES:**

On Counts One and Two of the Superseding Information, charging the offense of making False Statements During the Purchase of a Firearm, in violation of 18 U.S.C. §924(a)(1)(A), the maximum sentence the Court may impose is:

  a. imprisonment for a period not more than ten (10) years (five (5) years per count);

  b. a fine not to exceed $500,000 ($250,000 per count), or twice the amount of criminally derived property involved in the transaction(s);

Factual Resume - Page 1

    c.    a term of supervised release of not more than three (3) years (may be imposed on each count), which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement; and if multiple terms of supervised release are revoked, the resulting terms of imprisonment could be ordered to run consecutively to each other;

    d.    a mandatory special assessment of $200 ($100 per count);

    e.    forfeiture of money and property;

    f.    costs of incarceration and supervision.

## ELEMENTS OF THE OFFENSE:

In order to establish the guilt of the defendant of the offense of False Statements During the Purchase of a Firearm, in violation of 18 U.S.C. §924(a)(1)(A), as alleged in Counts One and Two of the Superseding Information, the Government must prove each of the following elements beyond a reasonable doubt:

*First:*    That the person named as such was a Federally licensed firearms dealer at the time the alleged offense occurred;

*Second:*    That the defendant made a false statement or representation in the firearm records the licensed firearms dealer was required by federal law to maintain; and

*Third:*    That the defendant made the false statement or representation with knowledge of the falsity.

## STIPULATED FACTS:

Federal Firearms Licensees (FFL) are dealers of firearms who sell firearms as part of their livelihood. FFLs are required by federal law to maintain records relating to the sale of firearms to consumers. The principal purpose of requiring licensed firearms dealers to obtain such information from purchasers is to assist law enforcement activities. One of the records required to be kept by FFLs is the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 (Form 4473). Question number 2 of the Form 4473 asks the purchaser to list his or her current residence address.

On or about August 29, 2008, the defendant went to Ammo Depot, a gun store owned by M.L. M.L. was a federally licensed firearms dealer at that time. The defendant purchased a Barrett .50 caliber rifle, serial number 22843, and five (5) Romarms WASR-10 rifles, serial numbers 19845AY4514, 464910650P1901, 1965LM1248, 1966TU2666, and 1975F00766. Although the defendant did not live at 4229 Alamo Street at the time he made the purchase, he listed the Alamo Street address as his home address on the Form 4473. In fact, the defendant had not lived at the Alamo Street address for approximately ten years. At the time he purchased the weapons, he lived at 4212 Lisbon, Fort Worth, Texas. The defendant knew he was lying when he filled out the 4473.

On or about September 20, 2008, the defendant purchased twenty (20) AK-47 type rifles from Military Gun Supply in Fort Worth, Texas. Military Gun Supply is owned by D.N. D.N. was a federally licensed firearms dealer at the time. Although the defendant

**Factual Resume - Page 3**

did not live at 4229 Alamo Street at the time he made the purchase, he listed the Alamo Street address as his home address on the Form 4473. In fact, the defendant had not lived at the Alamo Street address for approximately ten years. At the time he purchased the weapons, he lived at 4212 Lisbon, Fort Worth, Texas. The defendant knew he was lying when he filled out the 4473.

AGREED AND STIPULATED on this 7'2 Day of DECEMBER, 2009.

_____  
JUAN RAMIREZ  
Defendant

_____  
MATT BELCHER  
Attorney for Defendant

Factual Resume - Page 4