```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

UNITED STATES OF AMERICA      .  CRIMINAL ACTION NO.
                              .  4:09-CR-160-A
V.                            .
                              .  Fort Worth, Texas
JUAN RAMIREZ                  .  April 2, 2010
. . . . . . . . . . . . . . . .
```

TRANSCRIPT OF PROCEEDINGS
(Sentencing Hearing)
BEFORE THE HONORABLE JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Government: | MR. JOSHUA T. BURGESS<br>United States Attorney's Office<br>801 Cherry Street, Suite 1700<br>Fort Worth, Texas  76102-6897<br>(817) 252-5200 |
| For the Defendant: | MATTHEW KYLE BELCHER<br>Federal Public Defender<br>819 Taylor Street, Room 9A10<br>Fort Worth, Texas  76102<br>(817) 978-2753 |
| Court Reporter: | MS. ANA P. WARREN<br>U.S. District Court Reporter<br>501 W. 10th Street, Room 201<br>Fort Worth, Texas  76102-3637<br>(817) 850-6681 |

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

1        ***P R O C E E D I N G S***

2          (Commencing, 9:05 a.m.)

3            THE COURT:  Okay.  I'm calling now for sentencing

4    Number 4:09-CR-160-A.  It's United States of America versus

5    Juan Ramirez.

6        Let's see.  Mr. Burgess is here for the government, and

7    Mr. Belcher is here for the defendant.

8            MR. BELCHER:  Yes, Your Honor.

9            THE COURT:  I don't see that the defendant needs an

10   interpreter.  Has he been using one so far?

11           MR. BELCHER:  He has, Your Honor.

12           THE COURT:  Okay.  Have you been sworn in this case?

13           THE INTERPRETER:  Yes, Your Honor.

14           THE COURT:  Okay.  Mr. Francisco Hernandez is here

15   for that purpose.

16       Mr. Ramirez, state your full name for the record.

17           DEFENDANT RAMIREZ:  Juan Manuel Ramirez --

18           THE COURT:  You appeared before me on December 11,

19   2009 in connection with a superseding information.  You waived

20   return of an indictment in this case and agreed to proceed on

21   the basis of that superseding information, and it charged you

22   with two counts, and each of those counts was the offense

23   of -- each of those counts was the offense of false statement

24   during purchase of a firearm, Counts 1 and 2 of the

25   superseding information, and we're here today for sentencing

1  based on the convictions resulting on that plea of guilty.
2      Mr. Belcher, did you and your client receive in a timely
3  manner the presentence report and the addendum and the order I
4  signed a few days ago expressing my tentative conclusions?
5          MR. BELCHER:  We did, Your Honor.
6          THE COURT:  And were those items read to your client
7  in his language?
8          MR. BELCHER:  They were, Your Honor.
9          THE COURT:  And did the two of you then discuss those
10 items in his language?
11         MR. BELCHER:  We have, Your Honor.
12         THE COURT:  Let's see.  Were there any objections to
13 the presentence report?  The only objection had to do with the
14 question of a possible departure; is that correct?
15         MR. BELCHER:  That's correct, Your Honor.
16         THE COURT:  Okay.  There being no objections other
17 than that, the Court adopts as the fact findings of the
18 Court -- well, let me back up a little bit.
19     I do have a concern as to whether the plea agreement in
20 this case should be accepted.  I'm tentatively of the opinion,
21 as I indicated in that order, that sentencing in this case
22 should be at the top of the potential sentencing that can be
23 imposed on the two counts of conviction, a total of ten
24 years.
25     Let me hear from you on that, Mr. Burgess.  When you

Case 4:09-cr-00160-P   Document 257   Filed 06/14/10   Page 4 of 14   PageID 1155

4

1   consider the nature of this offense and the fact that his
2   overall offense conduct involved sending over 300 guns to
3   Mexico to be used in a warfare against the government of
4   Mexico and for killing people, do you think ten years is an
5   adequate sentence?
6            MR. BURGESS:  Well, Your Honor, when we were entering
7   into plea negotiations, frankly, I think that the guidelines
8   themselves, perhaps, need to be amended to address the
9   severity of what's taking place in Mexico, but when we were --
10           THE COURT:  Well, of course, they're only advisory.
11           MR. BURGESS:  Understood, Your Honor.
12           THE COURT:  I think we're entitled to take into
13  account the true facts, the real situation.
14           MR. BURGESS:  Yes, Your Honor.
15     There's also, as the Court is aware, statutory caps in
16  this case that are, perhaps, lower than the Court may think
17  appropriate.  When we entered into plea negotiations with the
18  defendant, we considered the amount of weapons involved, and
19  we ran them through the guidelines, and we felt that we were
20  giving the Court a sufficient upward departure above the
21  guidelines in entering into that plea agreement, but I do
22  understand the Court's concerns.
23           THE COURT:  What's your thought on it, Mr. Belcher?
24           MR. BELCHER:  Your Honor, I believe that the cap is
25  more than reasonable taking into account the characteristics

1  of Mr. Ramirez.  He's a first time offender that's never been
2  arrested, let alone convicted, for a criminal offense.  The
3  cap is anywhere from three to five years above the guideline
4  range.
5      And, specifically, the Court's concern just addressed as
6  to the number of firearms.  The guidelines have already
7  increased the sentence by ten offense levels based on the
8  number of firearms involved and another four levels based on
9  the fact that the firearms were being smuggled into Mexico.
10 Those two specific offense characteristics have already raised
11 the guidelines by five years, and I believe that the
12 guidelines have taken into account those issues and have come
13 up with a sentence that is well below the ten year cap, and I
14 believe, based on all of that and the additional information
15 we provided in the variance motion, that the ten year cap is
16 sufficient.
17         THE COURT:  Well, the guidelines did take into -- the
18 things you mentioned into account, but I don't think they
19 adequately address the fact that those guns, when sent to
20 Mexico, are used for the purposes they are used for as
21 evidenced by the fact that one of the very guns he sent down
22 there was used in a gunfire with government officials.
23         MR. BELCHER:  It was confiscated a day later, Your
24 Honor.  From the report and, I guess, the foreign newspaper
25 article that was attached to it, the guns that were used in

1  the attack the day before was not the gun that was found to be
2  traced back to Juan Ramirez.  The gun in question was a 50 cal
3  rifle that was found in the house.  The article and report
4  reference AR-15s and AK-47 gunfire from near the house, and a
5  day later, the -- which might be a technical --
6          THE COURT:  I think it is kind of technical because
7  everybody knows what those guns were being sent to Mexico for.
8          MR. BELCHER:  I understand.  I don't mean to detract
9  from that, Your Honor.  I just wanted to clarify that one
10 point, but we do believe, while maybe there's disagreement of
11 the guidelines adequately taking into account, I think the
12 whole reason such conduct is criminal is because of the fact
13 that guns being smuggled to Mexico are being used by
14 individuals for not so nice things.  I think that's the whole
15 reason there is a criminal conduct for this, much like drugs
16 are criminal because of the harm that's caused from
17 individuals that use them and so forth.
18    So I believe this has been taken into account.  There may
19 be some question if the guidelines should be adjusted to take
20 more into account, but I believe the ten year cap and the
21 three-and-a-half -- three years to five years range in between
22 the guidelines and the ten year cap, along with everything
23 else just discussed, is sufficient.
24          THE COURT:  Let's see.  The top of the advisory
25 guideline range is 87 months, and the maximum the sentence the

1  Court can impose is 120.

2      MR. BELCHER: So 33 months from the top of the
3  guidelines.

4      THE COURT: Well, it's somewhat against my better
5  judgment, but I will go ahead and accept the plea agreement in
6  this case because I least I can go up to a total of 120 months
7  that I ultimately conclude that a sentence of that kind at
8  least will be required -- at least a sentence of that kind
9  will be required that adequately addresses the conduct. I'm
10 not sure it would. I'm going to give the defendant the
11 benefit of the doubt by going ahead and accepting the plea
12 agreement in this case.

13     There being no further objections to the presentence
14 report, the Court adopts as the fact findings -- I am probably
15 going to upwardly depart to that 120. So I think an upward
16 departure would be appropriate.

17     The Court adopts as the fact findings of the Court the
18 facts set forth in the presentence report as modified or
19 supplemented by the addendum and the facts I have found from
20 the bench. The Court adopts as the conclusions of the Court
21 the conclusions expressed in the presentence report as
22 modified or supplemented by the addendum.

23     The Court concludes that the total offense level is 27.
24 That the Criminal History Category is I. That the
25 imprisonment range is 70 to 87 months that the supervised

1  release range is two to three years.  That the fine range is
2  $12,500 to $500,000, and that a special assessment of $200,
3  that is, $100 per count of conviction, is mandatory in this
4  case.
5      Okay.  Do you want to offer any evidence on this issue of
6  whether there should be an upward departure?
7          MR. BELCHER:  Nothing further than the variance
8  motion and the character letters that have already been
9  provided to the Court.
10         THE COURT:  Okay.  Well, I've reviewed whatever has
11 been provided.
12     Okay.  You can at this time make whatever statement you
13 would like to make on behalf of your client.
14         MR. BELCHER:  Thank you, Your Honor.
15     In light of the Court's indication of a sentence at 120
16 months, we would just, instead of rehashing the arguments
17 made, resubmit those to the Court along with the information
18 in the variance motion and the character letters, and based on
19 those arguments, we still would submit to the Court that a
20 sentence well below the cap would be sufficient but not
21 greater than necessary and would object to a sentence above
22 being unreasonable.  Thank you, Your Honor.
23         THE COURT:  Okay.  Mr. Ramirez, you have the right to
24 make any statement or presentation you would like to make on
25 the subject of mitigation, that is, the things you think the

1  Court should take into account in determining what sentence to
2  impose or on the subject of sentencing more generally, and at
3  this time I'll invite you to do that.
4          DEFENDANT RAMIREZ:  I just wanted to tell, Your
5  Honor, that I am really sorry, and I'm really remorse.  I
6  promise you I'm not going to come back to this country.
7          THE COURT:  Okay.  Anything else?
8          MR. BELCHER:  Your Honor, I think there is a
9  misunderstanding there.  He's a citizen of the United
10 States.
11         THE INTERPRETER:  I misunderstood, Your Honor.
12         MR. BELCHER:  I believe my broken Spanish is that he
13 won't be in front of this court again or committing another
14 crime.
15         THE INTERPRETER:  I'm sorry, Your Honor.  I
16 apologize.
17         THE COURT:  Okay.
18         MR. BELCHER:  Thank you, Your Honor.
19         THE COURT:  Okay.  Well, we've already talked about
20 the things that are causing me a great deal of concern about
21 this case and why I think a sentence of at least 120 months is
22 required to address the defendant's conduct.  I really believe
23 a sentence greater than that would be a reasonable sentence,
24 but as I've indicated, I'm going to give the defendant the
25 benefit of the doubt by accepting his plea agreement, which

1  limits the sentence to 120 months.
2       I think this is an exceptional case considering the uses
3  that the defendant is bound to have known or to be made of
4  those firearms when they were being sent to Mexico.  There are
5  circumstances that were not adequately taken into
6  consideration in the guideline calculations that are,
7  nevertheless, relevant to determine an appropriate sentence.
8  So if you look at it from the standpoint of being a guideline
9  sentencing departure, it would be an appropriate departure
10 under USSG, Section 5K2.082B, and if you look at it strictly
11 from the standpoint of it being a variance, the sentence I've
12 imposed would be required to adequately address the
13 defendant's conduct -- I'm not sure it adequately addresses,
14 but addresses the defendant's criminal conduct when you
15 consider all the factors the Court should consider under 18,
16 United States Code, Section 3553(a).
17      And the sentence I've imposed certainly is required in
18 order to reflect the seriousness of the defendant's offense,
19 to promote respect for the law, and to provide just
20 punishment.
21      So the Court's ordering and adjudging that the defendant
22 be committed to the custody of the Bureau of Prisons to serve
23 a term of imprisonment of 60 months as to Count 1 of the
24 superseding information and 60 months as to Count 2 of the
25 superseding information to run consecutively for an aggregate

1  sentence of 120 months.
2      I'm also ordering that the defendant forfeit the firearms.
3  Mr. Burgess wanted me to read some forfeiture information at
4  the sentencing hearing, and I'll read it:
5      Pursuant to 18, United States Code, Section 19 -- pardon
6  me, 1595(a)(d), and 28, USC, Section 2461(c), the defendant
7  forfeits its interest in the following property:
8      One 2008 Dodge Ram, VIN 3D6WC66A08 -- Mr. Burgess, why
9  don't you read that, and then I'll tell you whether I
10 incorporate it.
11         MR. BURGESS:  May I approach, Your Honor?
12         THE COURT:  Here.
13         MR. BURGESS:  Pursuant to 19, USC, Section
14 1595(a)(D), and 28, USC, Section 2461(c), the defendant
15 forfeits his interest in the following property:
16     One 2008 Dodge Ram, VIN 3D6WC66A08G148431, and bearing
17 Oklahoma license plate 180BXC.
18     A 2003 Ford F-550, VIN Number 1FDAF56P53EC75452, and
19 bearing Oklahoma license plate 073BAZ.
20     2007 Chevrolet box truck, VIN 1GBHG31U871160895.
21     2007 Chevrolet box truck, VIN 1GBHG31V071181295.
22     Six Colt Law Enforcement Carbine 5.56 millimeter rifles,
23 Model LE6920, Serial Numbers LE074662, LE073524, LE074412,
24 LE073210, LE068877, and LE073371.
25     One Colt Model 02091, El Jefe, .38 caliber, Serial Number

1   38SS040145.

2   One hundred rounds of Lake City .50 caliber ammunition.

3   And eight PTR-91, Model KMF4, .308 carbines, seized from

4   the home of Gustavo Pulido on or about July 14, 2009.

5   THE COURT: Okay. The Court adopts what was just

6   read by Mr. Burgess as an order of the Court on the forfeiture

7   issue. The Court is not ordering the defendant to pay a fine

8   because the Court hasn't received information that he has the

9   ability to pay nor will any time soon.

10   I am ordering that when the defendant is released from

11   prison, he will serve a term of supervised release of three

12   years that will start when he gets out of prison as to each of

13   the counts of the superseding information, and they are to run

14   concurrently with each other. While on supervised release,

15   the defendant shall comply with the standard conditions

16   ordered by the Court and the following additional conditions:

17   He shall not commit another federal, state, or local

18   crime. He shall not possess illegal controlled substances.

19   He shall cooperate in the collection of DNA as directed by the

20   probation officer and as authorized by the Justice for All Act

21   of 2004. He shall participate in work force development

22   programs and services, including activities relating to

23   occupational and career development, including but not limited

24   to assessments and testing, educational instruction, training

25   classes, career guidance, counseling, case management, and job

13

1  search and retention services as directed by the probation
2  officer until successfully discharged from the program.
3      The Court further orders that the defendant pay a special
4  assessment of $200.  That's payable immediately to the United
5  States of America through the office of the United States
6  Clerk.
7      Okay.  Does the government have a motion to make?
8          MR. BURGESS:  Yes, Your Honor.  We move to dismiss
9  the remaining counts in the initial indictment as well as the
10 superseding indictment as they pertain to this defendant.
11         THE COURT:  Okay.  I'll grant the motion, and I
12 dismiss the counts in the original and superseding indictment
13 as they affect this defendant.
14     Mr. Ramirez, you have the right to appeal from the
15 sentence that I've imposed if you're dissatisfied with it.
16 That appeal would be to the United States Court of Appeals for
17 the Fifth Circuit.  You have the right to appeal in forma
18 pauperis.  That means without any cost to you if you qualify
19 for it.  You have the right to have the clerk file a notice of
20 appeal for you, and the clerk will do that forthwith if you
21 specifically request it.
22     You and your attorney have been given a form that outlines
23 certain rights and obligations in reference to an appeal.  If
24 you haven't already done so, I want the two of you to review
25 it in your language, and then once both of you are satisfied

1  you understand it, I want both of you to sign it and return it
2  to the Court coordinator.
3      Has that been done, Mr. Belcher?
4          MR. BELCHER:  Yes, Your Honor.  May I approach?
5          THE COURT:  Yes, you may.
6          MR. BELCHER:  Your Honor, we'd also object to the
7  sentence being unreasonable.
8          THE COURT:  The defendant is ordered into custody,
9  and the attorneys are excused.
10     (End of proceedings, 9:30 a.m.)
11                          -oOo-
12
13
14
15
16
17
18
19
20                       CERTIFICATE
21     I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter, and
22 that the transcript was prepared by me and under my
   supervision.
23
   s/  Ana P. Warren                        June 14, 2010
24 Ana P. Warren, CSR #2302                     Date
   U.S. District Court Reporter
25                          -oOo-